UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

XEROX CORPORATION, )
)
    Plaintiff, )
)
v. )
) No. 3:06-0434
LARRY O'DOWD individually, and ) JUDGE ECHOLS
in his capacity as President and )
CEO of DIGITAL DOCUMENT SYSTEMS, )
INC., and DIGITAL DOCUMENT )
SYSTEMS, INC., )
)
    Defendants. )

### ORDER

For the reasons explained in the Memorandum entered contemporaneously herewith, the Court rules as follows:

(1) Plaintiff Xerox Corporation's Motion for Preliminary Injunction (Docket Entry No. 13) is hereby GRANTED.

(2) Pursuant to Federal Rule of Civil Procedure 65 Defendants Larry O'Dowd, individually and in his capacity as President and CEO of Digital Document Systems, Inc., and Digital Document Systems, Inc., and its officers, agents, servants, employees and attorneys are hereby preliminarily enjoined, restrained, and directed as follows:

    (A) from using, distributing, disseminating, copying, publishing, or disclosing, or from authorizing anyone else to use, distribute, disseminate, copy, publish or disclose, any trade secrets, confidential, or proprietary

1

information of Xerox, including all information specific to customers of Xerox which is contained in Xerox's MarketSmart database or which was learned at any time by Defendants O'Dowd and DDS while acting in their capacity as a Xerox agent/owner;

(B) from contacting any customers of Xerox of which DDS or O'Dowd became aware while acting in their capacity as a Xerox agent/owner prior to January 24, 2006;

(C) **no later than ten (10) days after entry of this Order**, return to Xerox any and all copies (whether in hard copies or electronic form), duplications, portions and representations of Xerox's trade secrets, confidential, or proprietary information as described in paragraph (A) above;

(D) **no later than ten (10) days after entry of this Order**, provide this Court and Xerox with a list of all customers of Xerox whom Defendants have contacted, directly or indirectly, since the date of DDS's agreement with Sharp;

(E) **no later than ten (10) days after entry of this Order**, provide to each person or entity who is identified as a customer of Xerox on the list required by paragraph 2(D) above, a copy of this Order, and file with the Court

a sworn certification that the requirement of this paragraph has been satisfied; and

(F) excluded from the scope of this preliminary injunction is all general information about prospects of Xerox which may be contained in Xerox's MarketSmart database but which could also be readily obtained from other market sources.

(3) This preliminary injunction applies to all persons, officers, agents, servants, employees, and attorneys acting in concert with or participating with Larry O'Dowd, individually and in his capacity as President and CEO of Digital Document Systems, Inc., and Digital Document Systems, Inc., who receive actual notice of this Order by personal service or otherwise.

(4) Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff Xerox Corporation shall file with the Clerk of this Court, **no later than ten (10) days after entry of this Order,** a surety bond in the amount of $ *300,000* in such form as is acceptable to the Clerk of Court.

(5) This Order shall remain in effect during the pendency of this action and until further Order of this Court unless Plaintiff fails to file the surety bond as required in paragraph (4) above.

It is so ORDERED.

*[signature]*
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE
*Oct. 26, 2006 at 12:20 pm.*

3

Case 3:06-cv-00434   Document 101   Filed 10/26/06   Page 3 of 3 PageID #: 2426